*1031 OPINION.
Trussell :
The first issue presents a question of the nature of the annual payments of $15,000 made by petitioner under the terms of his contract of November 25, 1919, and supplemental agreement of February 1,1921. Petitioner claims that the annual payments of $15,000 were made as, or in the nature of, rent for the use of the property. The Commissioner determined that the said payments constituted a part of the purchase price, a capital expenditure, and therefore not deductible as an expense.
The grant deed from C. H. Fuller and Nellie A. Fuller to O. R. Fuller, petitioner, contains a grant of certain described land to O. it. Fuller followed by the words “ To Have and To Hold to the said grantee, his heirs or assigns forever.” C. H. Fuller and Nellie A. Fuller transferred title to the property in question to petitioner in consideration of the latter’s assumption of the existing mortgage on the property and an unsecured $20,000 promissory note of C. H. Fuller and also for the further consideration of petitioner’s payment of an annuity amounting to $15,000 per annum to C. H. Fuller and/or Nellie A. Fuller. C. H. Fuller relieved himself of certain obligations and secured an annuity for himself and his wife in consideration for the transfer of his property. In view of all the facts of record, we are of the opinion that the payment of the annuity, *1032 amounting to $15,000 annually, constituted a part of the purchase price paid by petitioner for the interest which he acquired in the property, and the action of the Commissioner in disallowing a deduction for the said payment as an expense in each of the years here in question is sustained. Compare Robert Long, 5 B. T. A. 438; John C. Moore Corporation, 3 B. T. A. 430; and Denman Estate Co., 2 B. T. A. 633.
The second issue presents the question of whether petitioner sustained a loss in the amount of $21,333.33, or in any other amount, during the taxable year 1920, in the transaction involving his purchase of a two-thirds interest in the so-called A. B. G. Bus Co.’s operating rights for $21,333.33 and his transfer of the same to the Motor Transit Co. in consideration of one dollar. The entire operative rights in question were held in the name of petitioner, but he only paid for a two-thirds interest while his associate, S. Cahn, paid for a one-third interest. Petitioner owned two-thirds and S. Cahn owned one-third of the Motor Transit Co.’s outstanding capital stock, except for one or two qualifying shares. Petitioner’s transfer of the operative rights to the Motor Transit Co. was not a bona fide sale for value. The operating rights transferred in consideration of one dollar had been leased to the transferee at $4,200 per month rental for seven months preceding the transfer. The facts and circumstances do not establish a loss, but instead show that after the transfer, petitioner still retained the same beneficial interest in and control of the operating rights. We are of the opinion that petitioner sustained no deductible loss through the said transaction. Compare Rubay Co., 9 B. T. A. 133, and M. I. Stewart & Co., 2 B. T. A. 737.
The third issue presents a question of fact and we are of the opinion that the above findings of fact relative -to this issue lead to the conclusion that petitioner sustained a deductible loss of $10,483.38 during the year 1921. Petitioner paid that amount for an operative right which was declared void by the Bailroad Commission of California at the close of the year 1921. The rights petitioner purchased ceased to exist and accordingly lost whatever value they may have had, if any.
The fourth issue involves the correctness of the action of the Commissioner in adding $2,849.96 to petitioner’s net income for the year 1921, as prdfit realized in the transaction involving petitioner’s purchase of the operative rights of United Stages, Inc. We have heretofore decided that that transaction resulted in a loss to petitioner, and the Commissioner erred in adding to petitioner’s net income the amount of $2,849.96 as profits realized.
The last issue presented involves the question of whether petitioner sustained a loss in the year 1922,. due to his purchase in 1920 of stock in the G. & W. Stage Lines, which company subsequently transferred *1033 all its assets to tbe Motor Transit Co. in settlement of its debts to the latter company. The petition alleges that $6,666.66 was petitioner’s share of the total purchase price of $10,000 paid by petitioner and S. Cahn for the stock, but no evidence has been adduced in support of that allegation, nor has there been adduced any evidence to show the date on which the G. & W. Stage Line disposed of its assets to the Motor Transit Co. The evidence failed to establish when the loss, if any, occurred and we must sustain the Commissioner’s determination disallowing any deduction for the year 1922 for the alleged loss "on G. & W. Stage Line stock.
The deficiency should be recomputed in accord with the foregoing findings of fact and opinion.
Judgment will he entered upon SO days’ notice, pursuant to Rule 50.